IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILTON BURTON § | |
|     *Plaintiff* § | |
| § | |
| BITCO NATIONAL INSURANCE COMPANY § | |
|     *Intervenor* § | |
| v. § | CIVIL ACTION NO. 4:21-CV-01578 |
| § | |
| EXPO ENGINEERED, INC. and § | |
| ULINE, INC. § | |
|     *Defendants* § | |

## INTERVENOR'S FIRST AMENDED COMPLAINT IN INTERVENTION

TO THE HONORABLE ANDREW S. HANEN, UNITED STATES DISTRICT JUDGE:

COMES NOW Intervenor BITCO NATIONAL INSURANCE COMPANY, and files this Complaint in Intervention complaining of Defendants EXPO ENGINEERED, INC. and ULINE, INC., and respectfully shows the Court the following:

### I. VENUE AND JURISDICTION

2. Venue is proper in the Southern District of Texas, Houston Division, because the Plaintiff and Defendants so agreed. Additionally, all or a substantial part of the event giving rise to Plaintiff's claims occurred in Harris County, Texas.

3. This Court has general jurisdiction because Defendant Expo and Defendant Uline have ongoing and systemic contacts with Texas; are registered to conduct business in Texas; and conduct substantial business in Texas. This Court has specific personal jurisdiction because Defendant Expo and Defendant Uline designed, manufactured, marketed, and distributed the Wrap-It-Heat drum heater that caused Plaintiff's injuries in Texas; Plaintiff's claims arise from and relate to Defendants' activities within Texas; and exercising personal jurisdiction comports

with traditional notions of fair play and substantial justice.

4. This Court has subject matter jurisdiction because there is complete diversity between the plaintiff and Uline, and the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. § 1332(a)(1). Intervenor has paid Plaintiff a total of $398,772.45 in Workers' Compensation benefits.

## II. PARTIES

5. Intervenor Bitco National Insurance Company is an Insurance Company licensed to write workers' compensation insurance in the State of Texas, and at all times relevant was authorized by the State of Texas to provide workers' compensation insurance in Texas.

6. Defendant Expo Engineered, Inc. ("Expo Engineered") has appeared and answered in this matter. A copy of this Petition in Intervention will be served upon Defendant Expo Engineered through counsel of record.

7. Defendant Uline, Inc. ("Uline") has appeared and answered in this matter. A copy of this Petition in Intervention will be served upon Defendant Uline through counsel of record.

## III. FACTS

8. At all times material, Intervenor provided workers' compensation insurance coverage to WS 97 Capital, Inc., under which General Plastics & Composites, LP (General Plastics") was a named insured. Through this policy, Intervenor provided workers' compensation insurance coverage to the employees of General Plastics, specifically General Plastics employee Wilton Burton, who is the Plaintiff in this lawsuit. This coverage provides medical and income indemnity benefits to covered employees who are injured while in the course and scope of their employment.

9. On or about October 31, 2018, Plaintiff Wilton Burton ("Burton") was in the course and scope of his employment at General Plastic in Houston, Texas, when drum heater on a barrel of Resin 454 without warning caused an explosion, igniting an adjacent barrel. The explosion caused a large, destructive fire.

10. As a direct result of the explosion and fire, Plaintiff suffered severe and debilitating injuries and burns on his back, face, arm and knee.

11. The Resin 454 barrel had affixed to it a band called "Wrap-It-Heat" which heated the metal drum to allow the resin to be used in a more liquid state. The Wrap-It-Heat drum heater band was designed, manufactured, marketed, and/or distributed by Defendant Expo Engineered and Defendant Uline.

12. Intervenor is responsible for payment of workers' compensation benefits to Plaintiff Wilton Burton and/or on his behalf. Because Plaintiff suffered a work-related injury caused by Defendants cited here, Intervenor, to date, has paid to or on behalf of Plaintiff $406,951.70 in workers' compensation benefits, representing $125,217.05 in indemnity benefits and $281,734.65 in medical payments. Intervenor now is the holder of a statutory lien. Under Texas Labor Code Section 417.001, Intervenor may pursue a claim against Defendants to recoup the amount of Intervenor's statutory lien.

## IV. SUIT IN INTERVENTION

### A. Adoption of Plaintiff's Complaint

13. With respect to the workers' compensation benefits paid to Plaintiff Burton, Intervenor adopts and incorporates all the allegations of Plaintiff's Original Complaint and any subsequent amendments thereto against Defendant. Each of the items of negligence alleged by said Plaintiff, either singularly or in conjunction, was the actual and proximate cause of the

injuries of Plaintiff Burton, for whom Intervenor has paid workers' compensation benefits.

### B. Intervenor's Right to Enforce Its Subrogation Interest

14. As a result of the negligence of Defendants in causing the injuries to Plaintiff Burton, Intervenor was responsible for payment of workers' compensation benefits to Plaintiff, and as such is the holder of a statutory lien created by the Texas Labor Code. Under Sections 417.001 et seq, of the Texas Labor Code, Intervenor may pursue and by the filing of this original complaint in intervention does pursue a claim against Defendants to recoup the amount of Intervenor's statutory lien.

## V. DAMAGES

15. As a result of the negligence of the Defendants, and by virtue of Texas Workers' Compensation subrogation laws, Intervenor is entitled to recover the benefits it was required to pay to and/or on behalf of Plaintiff Burton. By virtue of Sections 408.081 and 408.021 of the Texas Labor Code, Intervenor is required to pay benefits to and/or on behalf of Plaintiff Burton. These payments are ongoing in nature. Intervenor has been damaged and continues to be damaged by the negligence of Defendants in an amount equal to the benefits it has paid and is obligated to pay to and/or on behalf of Plaintiff Burton. At the time of the filing of this Complaint in Intervention, the amount of workers' compensation benefits paid by Intervenor to and/or on behalf of Plaintiff is $406,951.70.

16. As to any amounts recovered by Plaintiff Burton, if any, that exceed the amount of reimbursement to Intervenor for benefits paid, Intervenor also seeks to assert its right to an advance against future benefits that Plaintiff Burton is entitled to receive.

## VI. JURY DEMAND

17. Intervenor formally demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, Intervenor BITCO NATIONAL INSURANCE COMPANY prays that Defendant EXPO ENGINEERED, INC. and Defendant ULINE, INC. answer this intervention and complaint, and after notice and final hearing hereof, BITCO NATIONAL INSURANCE COMPANY have judgment as follows:

1. Against Defendants in the amount of all the workers' compensation benefits paid to Plaintiff WILTON BURTON within the jurisdictional limits of this Court through to the date of judgment;

2. Post judgment interest;

3. Costs of suit; and

4. Such other equitable and legal relief to which BITCO NATIONAL INSURANCE COMPANY may be justly entitled.

Respectfully submitted,

DEAN G. PAPPAS LAW FIRM, PLLC

By: _____
Dean G. Pappas
S.D. Bar No. 9013
Texas Bar No. 15454375
dpappas@dgplawfirm.com
Mary M. Markantonis
S.D. Bar No. 8308
Texas Bar No. 12986800
mmarkantonis@dgplawfirm.com
8588 Katy Freeway, Suite 100
Houston, Texas 77024
Telephone: (713) 914-6200
Facsimile: (713) 914-6201

ATTORNEYS FOR INTERVENOR
BITCO NATIONAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

     I do hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel and parties of record, by certified mail, return receipt requested, facsimile and/or hand-delivery on the 20th day of September, 2023, as follows:

_____
Dean G. Pappas